Claudia D. SMITH, Plaintiff—
Appellant,

v.

Michael J. ASTRUE,* Commissioner,
Social Security Administration,
Defendant—Appellee.

No. 05–17379.

United States Court of Appeals,
Ninth Circuit.

Submitted Nov. 9, 2007.**

Filed Nov. 15, 2007.

Dennis A. Cameron, Reno, NV, for Plaintiff–Appellant.

Mary Parnow, Esq., Social Security Administration, Office of the General Counsel, San Francisco, CA, for Defendant–Appellee.

---

* Michael J. Astrue is substituted for his predecessor Jo Anne Barnhardt as Commissioner of the Social Security Administration. Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: THOMAS, TALLMAN, and IKUTA, Circuit Judges.

### MEMORANDUM ***

■ Claudia Smith appeals the district court's order affirming an Administrative Law Judge's ("ALJ's") denial of her application for disability insurance benefits and supplemental security income disability benefits under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 423, 1381a. We have jurisdiction under 28 U.S.C. § 1291, and we affirm. Substantial evidence supports the ALJ's finding that Smith's Residual Functional Capacity ("RFC"), *see* 20 C.F.R. § 404.1545, allows her to perform tasks associated with her past relevant work as a cashier, *see id.* §§ 404.1560, 404.1565.

The ALJ offered specific, clear and convincing reasons for partially rejecting Smith's testimony regarding the severity of her subjective symptoms. *See Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). The ALJ found that, while Smith "alleged extreme allegations in sitting, standing and walking[,] … the clinical findings in the record show primarily muscle tenderness and some limitation in motion." The ALJ found that "[f]ollowing her successful bypass surgery and loss of weight, the medical record shows that she had an improvement in her pain symptoms," and that Smith's treating physician, Dr. Costa, noted that she "appears to be stable" on her medications. Indeed, on July 3, 2003, following Smith's gastric bypass surgery and a loss of nearly sixty-five pounds, Dr. Skogerson noted that Smith has made a "remarkable transformation." She "had a significant improvement in her

comorbid conditions including all of those reported before," and her "[a]rthritis and back pain are gone." During the November 12, 2003, examination with Dr. Skogerson, Smith said that she had been walking twenty to thirty minutes, four to five times a week.

■ The ALJ's decision to reject the RFC assessment of Dr. Costa, instead accepting the RFC assessment of Dr. McClintock, is similarly supported by substantial evidence. We have long held that opinions of treating physicians are not conclusive as to the existence of an impairment or the ultimate determination of disability. *Tonapetyan v. Halter*, 242 F.3d 1144, 1148–49 (9th Cir.2001); *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir.1989). The ALJ gave specific, legitimate reasons for rejecting Dr. Costa's RFC assessment. Dr. Costa conducted Smith's assessment on May 15, 2003, twelve days after Smith suffered a thoracolumbar strain as a result of a car accident. Moreover, his conclusions were not supported by his clinical findings and were contradicted by the RFC assessment conducted on February 19, 2003, by Dr. McClintock. Dr. McClintock agreed with most of Dr. Costa's clinical findings: he concluded that Smith suffers from "[d]egenerative disk disease of the low lumbar spine as well as spinal stenosis" with minimal tenderness over some of the mid and lower thoracic interspaces and over the sciatic notches. However, contradicting Dr. Costa's RFC assessment, Dr. McClintock concluded that Smith could stand, sit or walk about six hours in an eight hour workday. He also found that "[t]he severity or duration of the symptom(s) … [are] disproportionate to the expected severity or expected dura-

---

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

tion on the basis of [Smith's] medically determinable impairment(s)."

Finally, the ALJ did not use an incomplete RFC assessment to determine that Smith could return to her past relevant work. No physician noted any objective deficiencies in Smith's concentration or attention, so the ALJ did not have to address Smith's mental abilities. 20 C.F.R. § 404.1545(a). Moreover, as noted by the district court, when a claimant alleges physical limitations, the Commissioner considers activities such as walking, standing, lifting, carrying, pushing, pulling, reaching, handling, as well as other physical functions in determining claimant's RFC. *See Smolen,* 80 F.3d at 1291 (citing 20 C.F.R. §§ 404.1529(d); 404.1545(b)).

**AFFIRMED.**

AFFIRMED.

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.